**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INGRID CRAWFORD SMITH, et al., | Case No.: 1:18-cv-1526 - DAD - JLT |
| Plaintiffs, | ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND CONTINUING THE SCHEDULING CONFERENCE |
| v. | |
| CITY OF BAKERSFIELD, et al., | |
| Defendants. | |

Ingrid Crawford Smith and A.C., by and through guardian ad litem Tyshika Williams, initiated this action by filing a complaint on November 3, 2018. (Doc. 1) The Court issued summons to the named defendants on November 5, 2018. (Doc. 2) In addition, the Court issued its "Order Setting Mandatory Scheduling Conference," in which Plaintiffs were informed:

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, **plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims**. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint.[1]

(Doc. 5 at 1, emphasis added)

To date, Plaintiff has not filed proofs of service indicating the defendants have been served with

---

[1] In relevant part, Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

1

the summons and complaint. Further, Plaintiffs have not requested an extension of time and the Court has no information regarding why service has not been completed. Because the defendants are the City of Bakersfield, the Bakersfield Police Department, and several officers, the failure to serve process is difficult to understand. Thus, the Court is unable to find good cause for the failure to comply with the Court's order to "diligently pursue service of the summons and complaint."

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Accordingly, the Court **ORDERS:**

1. Within 14 days, Plaintiffs **SHALL** show cause in writing why the action should not be dismissed for failure to prosecute and failure to comply with the Court's order, Alternatively, Plaintiffs may file proofs of service for the defendants identified in the complaint; and
2. The Scheduling Conference set for January 31, 2019 is **CONTINUED**, to **March 18, 2019** at 8:30 a.m.

IT IS SO ORDERED.

    Dated:   **January 28, 2019**                **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE