# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYMOND,<br><br>    Plaintiff,<br><br>    v.<br><br>WARREN MARTIN,<br><br>    Defendant. | Case No.: 1:18-cv-00307 JLT<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY THE ACTIONS SHOULD NOT BE CONSOLIDATED |
| INGRID CRAWFORD SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-1526 - DAD - JLT |

James Raymond filed his lawsuit in March 2018 and alleges that his son, Augustus Crawford, was unlawfully killed by a Bakersfield Police Officer. (Case No. 1:18-cv-00307, Doc. 1) Mr. Raymond seeks damages for himself and Mr. Crawford's estate. Id. Soon after he filed the lawsuit, Mr. Raymond, while ignoring the existence of A.C. and Crawford's other parent, filed an affidavit asserting that,

   3.   No proceeding is now pending in California for administration of the decedent's estate. [¶]

> 5. I, James Raymond is the father the decedent's and lawful successor in interest as defined by C.C.P. 377.11 and succeeds to the decedent's interest in the action or proceeding.
> 6. This affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of Code of Civil Procedure) with respect to the decedent's in the action or proceeding.
> 7. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

(Case No. 1:18-cv-00307, Doc. 4)

At the time, the defendant sought to join A.C. in the litigation according to the authority of California Code of Civil Procedure §§ 377.60-377.62. (Case No. 1:18-cv-00307, Doc. 17) Mr. Raymond opposed the motion, contending that the only other possible heir was the decedent's girlfriend, whom Crawford did not support financially.[1] (Case No. 1:18-cv-00307, Docs. 22-23) In making this argument, it appears that Mr. Raymond took the position that Crawford was not A.C.'s presumed father. In any event, the Court denied the motion to join A.C. (Case No. 1:18-cv-00307, Doc. 28)

Ingrid Crawford Smith, Crawford's mother, and A.C., by and through guardian ad litem Tyshika Williams, initiated another action by filing a complaint in November 2018. (Case No. 1:18-cv-01526, Doc. 1) Like Raymond, they seek their own damages and seek to recover damages on behalf of the estate. Id. Again, like Raymond, Ms. Crawford Smith ignores the existence of Crawford's other parent and attests,

> 2. I am the mother of decedent AGUSTUS[2] JOSHUA CRAWFORD.
> [¶¶]
> 5. No proceeding is now pending in California for administration of AUGUSTUS JOSHUA CRAWFORD'S estate.
> 6. No other person than myself, A. C. by and through his Guardian Ad Litem Tyshika Williams, A. C. by and through his Guardian Ad Litem Bree Allen[3] have a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

(Case No. 1:18-cv-01526, Doc. 12) In this latest action, the parties name the chief of police and the City of Bakersfield in addition to Warren Martin, who was named in Raymond's lawsuit. Compare

---

[1] Once again, he ignored the existence of Crawford's other parent.
[2] The Court presumes the spelling of Mr. Crawford's name is a typographical error given his named is spelled differently in most other filings.
[3] The Court is at a loss to understand the apparent claim that A.C. is represented by two guardians ad litem; this is incorrect. The Court has appointed only Ms. Williams to act for A.C. and has no idea who Ms. Allen is or the extent to which she believes she is involved in this litigation.

2

(Case No. 1:18-cv-00307, Docs. 1, 15 with Case No. 1:18-cv-01526, Doc. 1) Therefore, the Court **ORDERS**:

1. **No later than March 11, 2019**, the parties in both cases **SHALL** show cause in writing why the actions should not be consolidated.

IT IS SO ORDERED.

Dated: **February 19, 2019**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE